## CLEE *v.* VILLAGE OF TRENTON.

MUNICIPAL CORPORATIONS—TAXES—INJUNCTION.

A municipal corporation will not be restrained from collecting a tax merely because it was levied, in part, to replace funds illegally expended.

Appeal from Wayne; Carpenter, J.   Submitted January 14, 1896.   Decided February 7, 1896.

Bill by John Clee and others against the village of Trenton and others to restrain the collection of taxes. From a decree dismissing the bill, complainants appeal. Affirmed.

*Washington I. Robinson,* for complainants.

*James H. Pound,* for defendants.

LONG, C. J.   The opinion of the court below, filed in this case, sufficiently states the facts, as follows:

"Complainants are taxpayers in the village of Trenton. They seek an injunction restraining the village from collecting the tax assessed against each and all of them, upon two grounds: *First,* that it is the intention of the village to remit the tax of one O'Donnell, a manufacturer; and, *second,* that a portion of the tax is made necessary by the fact that the council built sidewalks which should have been built by private individuals.

"I am satisfied that the council will not refund the tax of O'Donnell.   Moreover, the fact that it might have had the intention to do that could not have afforded grounds for the injunction restraining its collecting any tax.   The proper remedy would have been a bill to have prevented the refunding of said tax.

"Respecting the second contention, as I stated when the case was submitted to me, I am of the opinion that the council did build sidewalks which should have been built by private individuals, and, in my judgment, it was not authorized to build such sidewalks, under the circum-

stances, at the public expense. It appears by the testimony, however, that the council bought the material and employed the labor, and apparently have paid for these walks. The tax, therefore, is raised, not to build walks nor to pay for building them, but to raise a fund to replace what has been expended by building these walks. The case stands as if the city of Detroit, having made an unwarranted expenditure out of funds in its possession, is thereby prevented from raising by tax the amount which it has unlawfully expended. There can be but one answer to this question. If the money has been taken out of the city treasury, and the necessities of the city require it, the only proper way to raise it is by taxation. The complainants' remedy in such a case is an injunction, which prevents the village from paying for the improvement out of the public funds.

"It results, therefore, in my opinion, that the bill must be dismissed."

The testimony fully supports the facts stated by the trial court. The defendants disclaimed any intention to refund the taxes to O'Donnell, and it appeared conclusively that the moneys sought to be raised were necessary to carry on the affairs of the village. These moneys sought to be raised were not for an illegal purpose, and the mere fact that moneys had been wrongfully and illegally expended would not make the present tax void.

The decree must be affirmed.

The other Justices concurred.